

# SIM & DEPAOLA, LLP
*Attorneys-at-Law*
42-40 Bell Boulevard, Suite 201
Bayside, New York 11361
Tel: (718) 281-0400
Fax: (718) 631-2700

December 3, 2019

**<u>VIA ECF & FIRST CLASS MAIL</u>**
Honorable William H. Pauley III
United States District Judge
United States Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

       Re: *Cedric Marshall v. The Port Authority of NY & NJ, et al.*
       Docket No. 19-cv-02168 (WHP) (GWG)

Your Honor,

    Please accept this letter motion from plaintiff, Mr. Cedric Marshall, requesting a pre-motion conference in contemplation of plaintiff's anticipated discovery motion, pursuant to Fed. R. Civ. P. 37(e), seeking sanctions against defendants for their failure to preserve electronically stored information, namely the video surveillance of plaintiff's arrest and detainment.

    Plaintiff respectfully requests that his contemplated motion for sanctions, pursuant to Fed. R. Civ. P. 37(e), be discussed during the upcoming pre-motion conference to discuss defendants' anticipated motion for summary judgment, presently scheduled to proceed on December 6, 2019, at 12:30 p.m.

    Plaintiff requests that both contemplated motions be discussed concurrently, because of the strong likelihood that this Court's ruling on the aforementioned discovery issue will foreclose any possibility of success for defendants' motion for summary judgment, and possibly even result in the entry of a default judgment against them.

    Pursuant to Fed. R. Civ. P. 37(e), this Court may issue sanctions against an aggrieving party, which are necessary to cure the prejudice, "upon finding prejudice to another party from loss of the information…." This Court may further sanction defendants with varying degrees of adverse inferences or even the entry of a default judgment against the party at fault, "upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e).

    Plaintiff respectfully submits that defendants acted willfully and knowingly, regarding their failure to provide plaintiff with the best evidence ever available, as to plaintiff's complete innocence of all crimes or offenses alleged by defendants. Plaintiff submits that defendants were

obligated to preserve and provide said video surveillance, not only due to the instant proceeding, but also due to the underlying criminal proceeding, where defendants conspicuously failed to even appear for court.

The individual officer defendants each testified that they were aware of the video surveillance, the video was in their possession, and that the surveillance would have depicted virtually all of their interactions with plaintiff prior to, during and after his unlawful arrest. To date, plaintiff is not aware of any additional efforts by defendants to procure a copy of said video surveillance, other than their initial finding that it was destroyed after some period of time, due to the absence of a simple request that would have ensured its continual preservation.

Plaintiff commenced the instant action with the full and hopeful belief that the video surveillance was still available, as he fully expected it to prove each of his claims, which is plainly much more than any defendant can attest to. Accordingly, it should be indisputable that plaintiff has suffered an enormous amount of prejudice due to defendants' abject and inexcusable failures to preserve the best evidence that was ever in existence, regarding plaintiff's instant claims, as well as defendants' defenses.

Plaintiff believes that the repeated failures of defendants to preserve such a materially dispositive piece of evidence for, not one, but two, successive legal proceedings, regarding an individual's liberty and civil rights, no less, should result in nothing less than the entry of a default judgment against defendants, as it clearly demonstrates defendants' deliberate intent to withhold the video surveillance and ensure that it was destroyed prior to seeing the light of day.

Thank you for your consideration of the above.

Respectfully submitted,

/s/ Samuel C. DePaola
Samuel C. DePaola, Esq.
*Attorney for Mr. Marshall*
sdepaola@simdepaola.com

Via ECF: David Kromm, Esq. and Jonathan Smith, Esq.
      Attorneys for Defendants

**Application granted. Plaintiff's proposed motion will be discussed at the pre-motion conference on December 6, 2019 at 12:30 p.m.**

Dated: December 4, 2019
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.