```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/4/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CEDRIC MARSHALL,                                                 :
                                                                 :
                              Plaintiff,                         :
                                                                 :        19-cv-2168 (LJL)
              -v-                                                :
                                                                 :        ORDER
                                                                 :
THE PORT AUTHORITY OF NEW YORK AND NEW                           :
JERSEY, BRYAN MATTHEWS, CRAIG CARLSON,                           :
SEAN GALLAGHER, JOHN TONE, and JOHN or                           :
JANE DOE 1-10, *individually and in their official*              :
*capacities as police officers*,                                 :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

     At the conclusion of the final pretrial conference on February 2, 2023, Plaintiff moved for leave to submit the federal malicious prosecution claim to the jury on the basis of the Supreme Court's decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022), in which the Supreme Court held that "[t]o demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction," *id*. at 1335; *see also Perez v. City of New York*, 2022 WL 4236338, at *13–14 (S.D.N.Y. Sept. 14, 2022).  This Court, by an Opinion and Order issued by the late Honorable Judge William Pauley, had granted summary judgment in favor of Defendants on this claim on the basis that the dismissal of Plaintiff's criminal case on speedy trial grounds did not constitute a favorable termination because it did not affirmatively indicate Plaintiff's innocence.  Dkt. No. 64 at 13–14.  Judge Pauley's decision, which was issued before the Supreme Court's decision in *Thompson*, followed then-Second Circuit law and did not anticipate the ruling in *Thompson*.  *Thompson* constitutes an "intervening change in controlling law" that allows the Court to reconsider this decision.  *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009).  The Court does so and vacates that portion of Judge Pauley's order that granted summary judgment to Defendants on Plaintiff's federal malicious prosecution claim.

     Defendants do not dispute that Judge Pauley's order can no longer stand in light of *Thompson* but argue that the federal malicious prosecution claim should not be presented to the jury because Plaintiff cannot establish the separate element under federal law that the prosecution effect a deprivation of liberty consistent with a seizure.  Dkt. No. 99.  Under federal law, but not under state law, a plaintiff pursuing a malicious prosecution claim must establish that "there was a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. New York City Transit Auth. (NYCTA)*, 215 F.3d 208, 215 (2d

Cir. 2000). But Defendants did not move for summary judgment on this ground and Plaintiff therefore did not have a chance to be heard. As a result, the Court will not preclude Plaintiff from presenting this claim to the jury. At trial, Plaintiff will have to establish that the trespass charge effected a greater deprivation of liberty than the charges as to which probable cause existed. *See Perez*, 2022 WL 4236338, at *16. If Plaintiff fails to do so, the Court will entertain a motion from Defendants for judgment as a matter of law under Federal Rule of Civil Procedure 50.

This order was emailed to the parties on the evening of February 4, 2023.

SO ORDERED.

Dated: February 4, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge