UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
CEDRIC MARSHALL, :
:
              Plaintiff, :
:
    -v- :
:
THE PORT AUTHORITY OF NEW YORK AND NEW :
JERSEY, BRYAN MATTHEWS, CRAIG CARLSON, :
SEAN GALLAGHER, JOHN TONE, and JOHN or :
JANE DOE 1-10, *individually and in their official* :
*capacities as police officers*, :
:
              Defendants. :
:
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/4/2023

19-cv-2168 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

      The parties have submitted a proposed jury charge on qualified immunity. The Court also has received and reviewed Defendants' special interrogatories on the qualified immunity defense. The Second Circuit has indicated that the objective reasonableness of an officer's conduct is a question of law that should be determined by the Court. *See Stephenson v. Doe*, 332 F.3d 68, 80 (2d Cir. 2003); *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007); *Lore v. City of Syracuse*, 670 F.3d 127, 162 (2d Cir. 2012). Trial is scheduled to begin Monday February 6, 2023. The Court informed the parties that it intends to conduct a charge conference at the end of the day on Monday. Given that there are only four witnesses for trial and that the testimony will concern a discrete set of events on a single day, it is possible that trial will conclude on Monday. This constitutes the Court's ruling on the charge and on the special interrogatories.

      Because the question is one for the Court, the Court will not charge the jury on qualified immunity. It is within the province of the jury to determine what the Defendants believed but not to determine whether that belief was objectively reasonable. That is the question for the Court. *Zellner*, 494 F.3d at 368. The jury would not have the information as to which to make that decision and any verdict it rendered on that subject would be advisory. As such, it would also be confusing to the jury to charge them on the issue.

      The Defendants do have the right to have the jury asked to answer special interrogatories as to the factual questions of what the defendants actually believed. But "it is the responsibility of the defendant to request that the jury be asked the pertinent question." *Id.* at 368. The special interrogatories do not ask the jury to render a decision on any matter of historical fact—e.g., "the situation confront[ing] [Defendants], what acts [they] performed, and [their] motivation in performing those acts," *Lore*, 670 F.3d at 162. Therefore, the Court will not deliver them. To

the extent that Defendants wish to have the jury answer a question of historical fact, they must submit to the Court by 12 noon on February 6, 2023, revised interrogatories. The Court also advises Defendants that the elements for qualified immunity under New York law differ from those under federal law, and that the special interrogatories must also provide a factual basis for the Court to determine qualified immunity under New York law if Defendants intend to assert that defense against the state malicious prosecution claim.

      This order was emailed to the parties on the evening of February 4, 2023.

      SO ORDERED.

Dated: February 4, 2023
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge